UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GENERAL MOTORS
AIR CONDITIONING MARKETING
AND SALES PRACTICES
LITIGATION
_____/

Case Number: 18-md-02818

Hon. Matthew F. Leitman

ALL CASES

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 61)

In this action, Plaintiffs bring a variety of claims against Defendant General Motors Company ("GM") arising out of alleged defects in the air conditioning systems of their GM vehicles. On September 5, 2019, the Court entered an Opinion and Order granting in part and denying in part GM's motion to dismiss. (*See* Op. and Order, ECF No. 60.) In that ruling, the Court, among other things, dismissed Plaintiff James Won's claim that GM violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8:1, *et seq.* (the "NJCFA"). The Court concluded that Won's NJCFA claim failed because he did not allege that the air conditioning system in his New Jersey-purchased vehicle malfunctioned during the warranty period.

The Court's ruling rested in part on *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997 (N.J. Super. Ct. App. Div. 2006). (*See* Op. and Order, ECF No. 60, PageID.2837-2839.) The Court explained that (1) the NJCFA requires a plaintiff to

1

allege that he suffered an "ascertainable loss," and (2) under *Perkins*, a plaintiff cannot suffer an ascertainable loss where a defect does not manifest during the warranty period:

> "The NJCFA authorizes '[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act' to bring a private action." *Chiarelli* [*v. Nissan N. Am., Inc.*], 2015 WL 5686507, at *14 [(E.D.N.Y. Sept. 25, 2015)] (quoting N.J. Stat. Ann. § 56:8–19). "Accordingly, '[t]o state a prima facie case under the [NJCFA], a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" *Id.* (quoting *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012)).
>
> "A plaintiff cannot demonstrate an 'ascertainable loss' where the allegedly defective component outperforms its warranty period." *Id.* at *16. New Jersey courts have rejected NJCFA claims by plaintiffs whose products outlasted their warranties because "recognizing a viable [NJ]CFA claim [under those] circumstances [] would essentially compel manufacturers and sellers to warrant their products and component parts beyond that to which the parties expressly agreed." *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1005 (N.J. Super. Ct. App. Div. 2006). Here, Won does not allege that the vehicle he purchased in New Jersey failed within the warranty period. He therefore fails to state a claim under the NJCFA.

(Op. and Order, ECF No. 60, PageID.2837-2838.)

The Court also rejected Won's argument that the Court should decline to follow *Perkins*:

2

> Won further argues that "[e]ven if the [AC] Defect did not manifest within the Warranty periods, GM's reliance on the warranty defense fails because it conflates the warranty defense with NJCFA's element of ascertainable loss." (Resp. to Mot. to Dismiss, ECF #43 at Pg. ID 1946.) In support, Won relies on *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 502-03 (D.N.J. 2009). In *Maniscalco*, a district court declined to follow *Perkins* and allowed a plaintiff to proceed with an NJCFA claim even though a product failed outside of its warranty. But *Maniscalco* is distinguishable. The plaintiffs in *Maniscalco* alleged that "the defendant *knew* that its specific product contained a defect that would cause it to fail before that product's expected useful life" and intentionally limited the warranty period to avoid paying for repairs. *Id.* (emphasis added). Unlike in *Maniscalco*, Won does not allege here that GM intentionally set the duration of his warranty to avoid having to repair his air conditioning systems. The Court therefore follows *Perkins*, and the numerous cases applying *Perkins*, and concludes that Won cannot state a viable NJCFA claim. *See, e.g.*, *Chiarelli*, 2015 WL 5686507, at **14-17 (applying *Perkins* and dismissing a NJFCA claim in a case alleging that a defect in Nissan vehicles manifested after warranty expired); *Davidson v. Apple, Inc.*, 2017 WL 3149305 (N.D. Cal. Jul. 25, 2017) (applying *Perkins* and dismissing a NJFCA claim in a case alleging that a defect in Apple products manifested after warranty expired); *Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333 (D.N.J. 2010) (applying *Perkins* and dismissing a NJFCA claim in a case alleging that a defect in Porsche cars manifested after warranty expired). Accordingly, the Court **DISMISSES** Won's NJCFA claim (Count 30).

(*Id.*, PageID.2838-2839.)

On September 19, 2019, Plaintiffs filed a timely motion for reconsideration of the Court's dismissal of Won's NJCFA claim. (*See* Mot. for Reconsideration,

3

ECF No. 61.) In the motion, Plaintiffs argue that the Court's reliance on *Perkins* is misplaced. Plaintiffs say that they have plausibly alleged the existence of a safety defect, and they insist that "*Perkins* [does] not apply to NJCFA claims regarding defects implicating safety." (*Id.*, PageID.2849; citing *Perkins*, 890 A.2d at 1004.) GM responded to Plaintiffs' motion on October 11, 2019. (*See* Resp. to Mot. for Reconsideration, ECF No. 66.)

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). That rule provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3). A "palpable defect" is a "defect that is obvious, clear, unmistakable, manifest, or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiffs have failed to persuade the Court that a palpable defect exists here. Like this Court, numerous federal courts have applied the rule in *Perkins* to claims involving alleged safety defects. As one federal court has explained:

> The court has performed a careful review of *Perkins* and the relevant case law, and concludes that *Perkins* compels

4

> the dismissal of Plaintiffs' claims here. In brief, the court agrees with the analysis in *In re Porsche*, 880 F.Supp.2d [801,] 857–58 [(S.D. Ohio 2012)], which held the following: (1) under *Perkins*, a plaintiff cannot allege ascertainable loss where the allegedly defective part outperforms its warranty period; (2) an allegation that a defendant concealed or knew about a latent defect may go toward whether the defendant engaged in an unlawful act (i.e., a materially misleading omission), but does not affect whether the plaintiff has adequately alleged an ascertainable loss; and (3) **although *Perkins* "offered no view" regarding whether there is an exception where the alleged defect presents a safety concern to purchasers or others, there is no basis in *Perkins* or other New Jersey case law for a federal court to graft such an exception onto the NJCFA.**
>
> The court recognizes that certain other district courts have limited *Perkins* where the plaintiff alleged that the defendant knew about or concealed a defect, or that a defective part presented a safety concern. **However, just as many district courts (if not more) have declined to limit *Perkins* in these circumstances.** Accordingly, based on the discussion in *Perkins* concerning the NJCFA's "ascertainable loss" element, the court finds that dismissal of the NJCFA claim for failure to state a claim is warranted.

*Chiarelli v. Nissan N. Am., Inc.*, 2015 WL 5686507, at *16 (E.D.N.Y. Sept. 25, 2015; emphasis added). *See also Noble v. Porsche Cars North America, Inc.*, 694 F. Supp. 2d 333 (D.N.J. 2010) ("Though the [c]ourt in *Perkins* was careful to note that its decision did not address 'those circumstances in which safety concerns might be implicated,' we agree with the Appellate Division's rationale and find its holding just as applicable here, in a case where safety concerns are alleged")*; Nobile v. Ford*

*Motor Co.*, 2011 WL 900911, at *6 (D.N.J. Mar. 14, 2011) (citing cases and holding that *Perkins* was "applicable" and barred plaintiffs' NJCFA claim even where plaintiffs "allege[d] safety concerns").

The Court acknowledges that there are cases to the contrary. *See*, *e.g.*, *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 547 (D.MD. 2011) (noting "the *Perkins'* [c]ourt declined to address cases (such as the instant case) in which safety concerns may be implicated by the failure of the product in question, making *Perkins'* holding inapposite to the case at bar"). However, the "weight of authority" has rejected Plaintiffs' argument here that "the *Perkins* rule does not apply … where the defect presents a safety concern." *In re Porsche*, 880 F. Supp. 2d 801, 857 (S.D. Ohio 2012).

For all of the reasons stated above, Plaintiffs have not persuaded the Court that it palpably erred in relying on *Perkins*. The Court therefore **DENIES** Plaintiffs' motion for reconsideration (ECF No. 61.)

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764