UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GENERAL MOTORS
AIR CONDITIONING MARKETING
AND SALES PRACTICES
LITIGATION
_____/

Case Number: 18-md-02818

Hon. Matthew F. Leitman

ALL CASES

_____/

**ORDER GRANTING PLAINTIFFS LEAVE TO FILE A SECOND AMENDED CONSOLIDATED MASTER CLASS ACTION COMPLAINT**

In this putative consolidated class action, Plaintiffs allege that the air conditioning systems of vehicles manufactured by Defendant General Motors ("GM") are defective. In the First Amended Consolidated Master Class Action Complaint (the "CMAC") – the currently operative Complaint – Plaintiffs asserted several different claims against GM, including a claim under the federal Magnuson–Moss Warranty Act on behalf of a nationwide class (Count I), a breach of implied warranty claim under Michigan law on behalf of a nationwide class (Count II), a fraudulent concealment claim on behalf of a nationwide class (Count III), an unjust enrichment claim on behalf of a nationwide class (Count IV), and several state-law claims on behalf of state-specific classes (Counts V-XLIII). (*See* CMAC, ECF No. 24.)

1

The named Plaintiffs come from many different states, including Michigan, California, Alabama, Arizona, and Florida. Two of the named Plaintiffs are relevant to the issue now before the Court: Corey Steketee and Carl Williams. Steketee is a Michigan resident; in the CMAC, he brought, among other things, a claim of breach of implied warranty under Michigan law on behalf of a Michigan-only class (Count XXVII). Williams is a California resident; in the CMAC, he brought, among other things, two breach of implied warranty claims under California law on behalf of a California-only class (Counts XII and XIV).

GM moved to dismiss most of the claims in the CMAC on November 13, 2018, but it did not move to dismiss the breach of implied warranty claim under Michigan law that Plaintiffs brought on behalf of a nationwide class (Count II). (*See* Mot. to Dismiss, ECF No. 35.) Following a hearing, the Court granted the motion in part and denied it in part. (*See* Op. and Order, ECF No. 60.) Relevant here, the Court dismissed Steketee's claim that GM breached his implied warranty under Michigan law. (*See id.*, PageID.2796.) The Court also dismissed all of the other state-law breach of implied warranty claims except those brought by Williams. (*See id.*, PageID.2796-2803.) In light of the Court's ruling on GM's motion to dismiss, there is currently no named Plaintiff in this action with a live breach of implied warranty claim under Michigan law. The only named Plaintiff with live breach of

2

implied warranty claims is Williams, and his claims are brought under California law.

On January 31, 2020, GM filed a motion to dismiss the breach of implied warranty claim under Michigan law that Plaintiffs bring on behalf of a nationwide class (Count II). (*See* Mot., ECF No. 71.)  GM argues that the only named Plaintiff who has live breach of implied warranty claims – Williams – "does not have standing to assert a claim under Michigan law or to represent a class asserting claims under Michigan law." (*Id.*, PageID.2930.)  GM therefore insists that because there is no named Plaintiff with standing to assert a breach of implied warranty claim under Michigan law, the Court "must" dismiss Count II of the CMAC. (*Id.*)  Plaintiffs respond that (1) GM's motion is "premature at this stage and [is] more appropriately decided at the class certification stage," and, in any event, (2) "Williams undisputedly" has standing "and can bring an implied warranty claim under Michigan law." (Pla.s' Resp., ECF No. 72, PageID.2949.)

On May 28, 2020, the Court held a hearing on GM's motion to dismiss Count II of the CMAC. (*See* 5/28/2020 Hr'g Tr., ECF No. 80.)  At the conclusion of the hearing, counsel for Plaintiffs said that if the Court was inclined to dismiss that claim on the ground that no named Plaintiff has standing to pursue the claim under Michigan law, then Plaintiffs "would want to substitute in a class representative that could support [that claim]." (*Id.* at 30, PageID.3072.)

3

The Court then ordered the parties to submit supplemental briefs. GM filed the first supplemental brief and argued, among other things, that the Court should deny leave to amend to add a new Plaintiff with standing to bring a breach of implied warranty claim under Michigan law. (*See* GM Supp. Br., ECF No. 81.) In Plaintiffs' supplemental brief, they again argued that if the Court was going to dismiss the nationwide breach of implied warranty claim under Michigan law for lack of standing, then the Court should grant them leave to amend to add a new a new plaintiff with standing to bring that claim. (*See* Pla.s' Supp. Br., ECF No. 82.)

The Court concludes that the best course of action is to (1) defer a ruling on GM's currently pending motion to dismiss and (2) give Plaintiffs an opportunity to amend the CMAC to add a Plaintiff with standing to assert a breach of implied warranty claim under Michigan law. The Court chooses this path for two reasons. First, it is consistent with the requirement in Rule 15(a)(2) of the Federal Rules of Civil Procedure that leave to amend be "freely given when justice so requires." That rule embodies a "liberal policy of permitting amendments to ensure determination of claims on their merits," *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987), and that policy would be furthered by permitting Plaintiffs to amend the CMAC at this relatively early stage in the litigation. Second, allowing Plaintiffs to amend now will enhance efficiency because even if the Court were to grant GM's motion to dismiss, the Court would then permit Plaintiffs to amend to add a new plaintiff with

4

standing to bring a breach of implied warranty claim under Michigan law. Allowing such an amendment now thus moves the case forward to where it will end up no matter how the Court rules on GM's motion to dismiss. And if Plaintiffs successfully amend, that will eliminate the need for the Court to rule on the difficult issues posed by GM's motion to dismiss. That added benefit further persuades the Court that granting leave to amend now is appropriate.

GM objects to allowing Plaintiffs to amend on only one ground. (*See* GM Supp. Br., ECF No. 81, PageID.3093-3095.) It insists that "these MDL plaintiffs cannot simply amend … to add new plaintiffs, a new class, or a new cause of action where the original plaintiffs never had standing to assert count 2 against GM." (*Id.*, PageID.3094, citing *In re Packaged Ice Antitrust Litig.*, 2011 WL 6178891 (E.D. Mich. Dec. 12, 2011).) The problem with this argument is that at least one of the Plaintiffs – Corey Steketee – did have standing to bring a breach of implied warranty claim against GM under Michigan law. While the Court ultimately determined that Steketee's breach of implied warranty claim failed on the merits, that merits ruling does not suggest that he lacked standing to bring the claim in the first place. Thus, Plaintiffs' proposed addition of a new plaintiff with standing to bring a breach of implied warranty claim under Michigan law is not an attempt to "retroactively create jurisdiction that did not exist at the time [the CMAC] was filed." *In re Packaged Ice*, 2011 WL 6178891, at *6. Instead, Plaintiffs' proposed amendment adding a new

named plaintiff is "a common and normally an unexceptionable ('routine') feature of class action litigation [] in federal courts." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *see also Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 159-60 (E.D. Mich. 1998) (granting plaintiffs leave to amend to add "to add additional plaintiffs as class representatives to cure defects identified by defendants").

Accordingly, for all of the reasons stated above, the Court will grant Plaintiffs leave to file a Second Amended Consolidated Master Class Action Complaint. Plaintiffs shall file that pleading by no later than **August 14, 2020**. The sole amendment that Plaintiffs may include in that pleading is the addition of a new named plaintiff who has standing to assert a breach of implied warranty claim under Michigan law and who will serve as the named plaintiff for purposes of that nationwide class claim.[1]  If Plaintiffs file a Second Amended Consolidated Master Class Action Complaint by the deadline above, the Court will terminate GM's

---

[1] As the Court previously ruled, in order to have a viable breach of implied warranty claim under Michigan law, the new plaintiff must allege that the air conditioning defect at issue in this action manifested before the expiration of the plaintiff's implied warranty.  Plaintiffs should add a new plaintiff only if the new plaintiff has a viable breach of implied warranty claim under Michigan law.

currently pending motion to dismiss as moot.[2] If Plaintiffs do not do so, the Court will proceed to decide the motion to dismiss.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[2] Nothing in this Order prohibits GM from moving under Federal Rule of Civil Procedure 12(b)(6) to dismiss a breach of implied warranty claim by a newly added plaintiff.

7