UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GENERAL MOTORS
AIR CONDITIONING MARKETING
AND SALES PRACTICES
LITIGATION
_____/

Case Number: 18-md-02818

Hon. Matthew F. Leitman

ALL CASES

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 93)

In this putative consolidated class action, Plaintiffs allege that the air conditioning systems of vehicles manufactured by Defendant General Motors ("GM") are defective. In the Third Amended Consolidated Master Class Action Complaint (the "Complaint"), Plaintiffs assert several different claims against GM, including a claim under the federal Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (the "MMWA" or the "Act"), on behalf of a nationwide class (Count I), a breach of express warranty claim on behalf of a nationwide class (Count III), and several state-law claims on behalf of state-specific sub-classes. (*See* Compl., ECF No. 91.)

On December 16, 2020, GM moved to dismiss Plaintiffs' express warranty claims and to strike Plaintiffs' nationwide class allegations underlying their MMWA and warranty claims. (*See* Mot., ECF No. 93.) The Court held a video hearing on

1

the motion on May 18, 2021. For the reasons explained below, the motion is **DENIED**.

## I

The Court previously described the factual background of this dispute in its Opinion and Order granting in part and denying in part GM's motion to dismiss Plaintiffs' First Amended Consolidated Master Class Action Complaint. (*See* Op. and Order, ECF No. 60.) The Court incorporates and will not repeat that background here. Facts relevant to the issues currently before the Court are included in the discussion below.

## II

GM first argues that the Court should dismiss Plaintiffs' claims that GM breached the express limited warranty included with each class vehicle. (*See* Mot., ECF No. 93, PageID.4505-4507.) In relevant part, that warranty provides as follows:

> The warranty covers repairs to correct any vehicle defect,
> not slight noise, vibrations, or other normal characteristics
> of the vehicle related to materials or workmanship.

(Warranty, ECF No. 35-2, PageID.1755.) GM says that this warranty "limits coverage" to defects related to "materials or workmanship" and does not cover design defects. (Mot., ECF No. 93, PageID.4505.) And GM asserts that here, Plaintiffs have alleged only a design defect. (*See id.*) Thus, GM insists that

Plaintiffs' express warranty claims are not viable "because the alleged air conditioning design defect is not covered by [the w]arranty." (*Id.*, PageID.4054.) The Court disagrees.

The Court concludes that GM's reading of the warranty is not the only plausible one. Indeed, it would not necessarily be unreasonable to conclude that the warranty could apply to design defects. That conclusion is supported by the rulings of two other Judges on this Court who recently reviewed the same warranty that is at issue here. First, in *McKee v. General Motors*, 376 F.Supp.3d 751 (E.D. Mich. 2019) another Judge of this court rejected GM's argument that "the [w]arranty [] cover[ed] only vehicle defects related to materials or workmanship—*i.e.* only manufacturing defects." *Id.* at 757. The court explained:

> GM's argument is inconsistent with the Warranty's plain language. GM argues that the Warranty covers only "defects in 'material or workmanship.'" *See, e.g.*, ECF 23, PgID 403; ECF 30, PgID 537 ("The warranty provides for the repair of 'any vehicle defect ... due to materials or workmanship occurring during the warranty period.'"). GM further represents that the warranty excludes "slight noise, vibrations, or other normal characteristics of the vehicle." ECF 30, PgID 537.
>
> But in its entirety, the relevant Warranty language states that it "covers repairs to correct any vehicle defect, not slight noise, vibrations, or other normal characteristics of the vehicle related to materials or workmanship." ECF 23-2, PgID 433. GM's preferred reading inserts a comma into the Warranty. But the Warranty does not contain GM's proffered comma. Rather, the Warranty's plain language demonstrates that the phrase "related to materials or

3

> workmanship" modifies "normal characteristics of the vehicle" and not "any vehicle defect." The Warranty therefore covers "any vehicle defect" except for slight noise, vibrations, or manufacturing defects related to "normal characteristics of the vehicle."
>
> GM maintains that the Court's interpretation creates an absurdity because the Warranty's next sentence provides that "[n]eeded repairs will be performed using new, remanufactured, or refurbished parts" and replacement parts could not remedy a design defect. ECF 23-2, PgID 433. But the Warranty's language covers both design defects and abnormal "characteristics of the vehicle related to materials or workmanship." Id. replacement parts would satisfactorily remedy abnormal characteristics of the vehicle. Moreover, new parts (*e.g.* a newly-designed transmission) could replace parts with design defects. Thus, no absurdity results from the Court's construction of the Warranty's plain language.

*Id.* at 757-58 (internal footnotes omitted).  The court in *McKee* further distinguished and found unpersuasive several of the authorities that GM relied upon for its interpretation of the warranty language, including some of the same cases that GM also relies upon here (*i.e.*, *Sloan v. General Motors*, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) and *Acedo v. DMAX, Inc.*, 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015)). *See id.* at 758-59.  Then, in 2020, a second Judge of this Court reviewed this same warranty and agreed that the court's reading of the warranty in *McKee* was "a plausible view of the warranty language." *Francis v. General Motors, LLC*, 504 F.Supp.3d 659, 673 (E.D. Mich. 2020) (declining to dismiss breach of express

4

warranty claim and holding that "the issue need not be resolved at the pleading stage of this case" because resolution "must await development of the record").

This Court agrees that it is plausible to read the warranty as covering design defects. And Plaintiffs' allegations in the Complaint incorporate a design defect claim. (*See*, *e.g.*, Compl. at ¶¶ 233-235, 355, 480, 613, ECF No. 91, PageID.3978, 4050, 4080, 4107.) Therefore, for all of these reasons, the Court declines to dismiss Plaintiffs' express warranty claims.

### III

### A

The Court next turns to GM's argument that the Court should strike Plaintiffs' nationwide class allegations under the MMWA. (*See* Mot., ECF No. 93, PageID.4508.) The MMWA is an "unusual" statute because it permits consumers to "sue on state-law warranty claims in federal court, regardless of whether or not the parties are of diverse citizenship." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998). Here, the eighteen named Plaintiffs allege that GM violated the MMWA when it breached its express and implied warranties under state law. (*See* Compl. at ¶¶ 345-368, ECF No. 91, PageID.4048-4045.) Plaintiffs bring their MMWA claim "on behalf of members of the Nationwide Class who are residents of all fifty states and Washington D.C." (*Id*. at ¶ 346, PageID.4048.)

5

Two provisions of the MMWA are relevant to GM's motion to strike Plaintiffs' class allegations. The first is section 310(d)(1) of the Act, 15 U.S.C. § 2310(d)(1). It provides as follows:

> (1) […] a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief --
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. §§ 2310(d)(1)(A)-(B). This section does two things that bear on the issue before the Court. It first "creates" a "cause of action." *In re Anheuser-Busch Beer Labeling Mktg. & Sales Pracs. Litig.*, 644 F. App'x 515, 516 (6th Cir. 2016). It then "provides for federal jurisdiction" over that cause of action. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing 15 § U.S.C. 2310(d)(1)(B)). *See also Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005) (same).

The second relevant section is section 310(d)(3) of the Act, 15 U.S.C. § 2310(d)(3). This section circumscribes the subject-matter jurisdiction conferred by section 310(d)(1)(b) by making that jurisdiction "subject to" certain "requirement[s]." *Harnden*, 496 F.3d at 581. More specifically, section 310(d)(3)

6

sets minimum jurisdictional thresholds for MMWA claims brought in federal court pursuant to section 310(d)(1)(B) (the "Jurisdictional Thresholds"):

> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection –
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. §§ 2310(d)(3)(A)-(C).[1]

GM argues that Plaintiffs' MMWA class allegations are insufficient as a matter of law because they do not satisfy the requirement in subsection 310(d)(3)(C), 15 U.S.C. § 2310(d)(3)(C), that an MMWA federal class action must have at least 100 named plaintiffs (the "Class Action Jurisdictional Threshold"). (*See* Mot., ECF

---

[1] Although section 310(d)(3) uses the word "cognizable," its requirements are more properly considered limitations on the subject-matter jurisdiction conferred by section 310(d)(1)(B) rather than elements of an MMWA claim (as GM appears to suggest, *see* GM Supp. Br., ECF No. 109, PageID.5604 n.2). As the Supreme Court has recognized, the term "cognizable" means, among other things, "within [the] jurisdiction of [a] court or power given to [a] court to adjudicate [a] controversy." *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994). Moreover, the Sixth Circuit has treated section 310(d)(3) as limiting the subject-matter jurisdiction conferred by section 310(d)(1)(B) rather than prescribing the elements of an MMWA claim. *See, e.g., Harnden*, 496 F.3d at 581; *Golden*, 410 F.3d at 881.

No. 93, PageID.4508, citing 15 U.S.C. § 2310(d)(3)(C).) Plaintiffs respond that this Court has jurisdiction to hear their MMWA class claim despite the lack of 100 named plaintiffs because the Court has subject-matter jurisdiction over the claim under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Plaintiffs insist that CAFA provides a viable, independent basis for subject-matter jurisdiction over the MMWA class claim.

The Sixth Circuit agrees with Plaintiffs. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013). In *Kuns*, a single plaintiff sought to pursue an MMWA class action in a federal district court. The district court granted summary judgment on the plaintiff's claims, and plaintiff appealed. Before addressing the merits of the claims, the Sixth Circuit undertook a jurisdictional analysis to "ensure that [it had] subject matter jurisdiction" over the plaintiff's appeal. *Id.* at 574. The Sixth Circuit noted that the district court had "identified two potential problems with [subject-matter] jurisdiction," including the MMWA's Class Action Jurisdictional Threshold that requires a class "complaint [to] list at least one hundred named plaintiffs." *Id.* (citing 15 U.S.C. § 2310(d)(3)). The district court held that despite the Class Action Jurisdictional Threshold, it could nonetheless hear plaintiff's MMWA class claim because it independently had subject-matter jurisdiction over the claim under CAFA. *See id.*

8

The Sixth Circuit agreed with that conclusion. It observed that the district court's decision reflected the "general rule" adopted by most district courts that confronted the subject-matter jurisdiction question under the MMWA. *Id.* The Sixth Circuit then joined those district courts and held that because the claims of the single plaintiff satisfied CAFA's jurisdictional requirements, it "had subject matter jurisdiction [over the plaintiff's proposed MMWA class claim] notwithstanding the MMWA's [Class Action Jurisdictional Threshold]." *Id.*

Although *Kuns* is unpublished and thus not binding, this Court chooses to follow it for several reasons. First, in the absence of controlling Sixth Circuit authority, an unpublished Sixth Circuit decision is "especially persuasive" at the district court level where, as here, it addresses the "identical" legal issue before a district court. *Dedvukaj v. Equilon Enterprises, L.L.C.*, 301 F.Supp.2d 664, 669 (E.D. Mich. 2004), *aff'd,* 132 F. App'x 582 (6th Cir. 2005). *See also Willman v. United States Off. of Att'y Gen.*, 2019 WL 4809592, at *2 (E.D. Mich. Oct. 1, 2019) (following a directly-on-point unpublished Sixth Circuit decision), *aff'd sub nom. Willman v. Att'y Gen. of United States*, 972 F.3d 819 (6th Cir. 2020). This Court therefore joins the other district courts within this Circuit that have also chosen to follow *Kuns* when confronted with the legal argument that GM makes here. *See, e.g., Chapman v. General Motors, LLC*, __ F.Supp.3d __, 2021 WL 1286612, at *24 (E.D. Mich., March 31, 2021) (permitting class of less than 100 plaintiffs to pursue

9

claim under the MMWA); *Bechtel v. Fitness Equip. Servs., LLC*, 2021 WL 4147766, at *9 n.5 (S.D. Ohio Sept. 12, 2021) (same).

Second, *Kuns* is consistent with a substantial body of case law holding that a federal district court may hear an MMWA claim that does not satisfy the MMWA's Jurisdictional Thresholds if the court has subject-matter jurisdiction over the claim under some other statute. Courts have repeatedly held, for instance, that a district court may exercise supplemental jurisdiction over an MMWA claim where the claim, standing alone, fails to meet the MMWA's Jurisdictional Thresholds. *See*, e.g., *Voelker v. Porsche Cars North America*, 353 F.3d 516, 522 (7th Cir. 2003) (holding that where district court had original federal-question jurisdiction based upon plaintiff's assertion of a claim under the federal Truth in Lending Act, court could exercise supplemental jurisdiction over MMWA claim that did not meet MMWA's Jurisdictional Thresholds); *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844-46 (7th Cir. 2014) (holding that where district court had original diversity jurisdiction, court could exercise supplemental jurisdiction over MMWA claim that did not satisfy MMWA's Jurisdictional Thresholds); *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (same); *Barnes v. West, Inc.*, 249 F.Supp.2d 737, 739 (E.D. Va. 2003) (explaining that an MMWA claim that did not meet the MMWA's Jurisdictional Thresholds could "still be heard in federal court in circumstances where supplemental jurisdiction is properly exercised under 28

10

U.S.C. § 1367.").[2]  Indeed, "many courts" have held that where there is an independent basis for subject-matter jurisdiction over an action that includes an MMWA claim, "federal jurisdiction [over that claim] may still be appropriate [even] when [the MMWA's own Jurisdictional Thresholds] are not satisfied." *Chavis v. Fidelity Warranty Serv., Inc.*, 415 F.Supp.2d 620, 624 (D.S.C., 2006) (collecting cases).  The holding in *Kuns* – that where CAFA provides an independent basis for the court's subject-matter jurisdiction, a plaintiff class may pursue an MMWA claim even though the class does not satisfy the MMWA's Class Action Jurisdictional

---

[2] *See also Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 614 (D. Md. 2014) (holding that the Jurisdictional Thresholds "are no obstacles to [an MMWA] claim being heard in federal court [where] the court can exercise supplemental jurisdiction over the MMWA claim provided another jurisdictional basis exists"); *McWhorter v. Elsea, Inc.*, 2007 WL 1101249, at *10 (S.D. Ohio Apr. 11, 2007) (holding that even though complaint fell "clearly under the [applicable MMWA J]urisdictional [T]hreshold," court nonetheless had "pendent jurisdiction for the [plaintiffs'] MMWA claim because all other class claims [were] properly before the [c]ourt"); *Day v. Kia Motors Am., Inc.*, 2017 WL 264459, at *4 (N.D. Ala. Jan. 20, 2017); *Johansson v. Cent. Garden & Pet Co.*, 804 F.Supp.2d 257, 265 n. 4 (D.N.J. 2011); *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F.Supp.2d 519, 527 (E.D.N.Y. 2006); *Pavese v. Gen. Motors Corp.*, 1998 WL 57761, at *5 (E.D. Pa. Feb. 11, 1998); *Rudder v. American Honda Motor Co., Inc.*, 1995 WL 216955, at ** 4-5 (E.D. Pa. 1995); *Haslam v. Lefta, Inc.*, 1994 WL 117463, at *3 (N.D. Ill. Mar. 25, 1994); *Levin v. Am. Honda Motor Co.*, 1994 WL 719856, at *3 (E.D. Pa. Dec. 21, 1994); *Seybold v. Francis P. Dean, Inc.*, 628 F. Supp. 912, 917 (W.D. Pa. 1986).

Threshold – fits comfortably within this established line of cases.[3] A ruling contrary to *Kuns* could not be reconciled with this body of case law.

Finally, the Sixth Circuit's decision in *Kuns* that a class of less than 100 named plaintiffs may pursue an MMWA claim in federal court if their claim satisfies CAFA is consistent with the purpose of MMWA's Class Action Jurisdictional Threshold. The purpose of the Class Action Jurisdictional Threshold "'is to avoid trivial or insignificant actions being brought as class actions in the federal courts.'" *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984) (quoting H.R.Rep. No.

---

[3] As GM notes, a few district courts have held that a court may not exercise supplemental jurisdiction over an MMWA claim if that claim falls below the MMWA's Jurisdictional Thresholds. (*See* GM Supp. Br., ECF No. 109, PageID.5610-5612.) These courts primarily reason that (1) 28 U.S.C. § 1367 allows a district court to exercise supplemental jurisdiction unless "expressly provided otherwise by Federal statute," and (2) the MMWA "expressly provides" that district courts shall not have jurisdiction over an MMWA claim unless it meets one of the three Jurisdictional Thresholds. (*See id.*) But, as the courts in the substantial body of case law cited above have recognized, the MMWA should not be read as stripping federal courts of all jurisdiction to hear MMWA claims that fall below the Jurisdictional Thresholds. Instead, the MMWA is best understood as barring federal courts from hearing MMWA claims that fall below the Jurisdictional Thresholds only where the MMWA's grant of subject-matter jurisdiction – found in 15 U.S.C. § 2310(d)(1)(B), *see Harnden*, 496 F.3d at 581 – is the sole basis for the court's subject-matter jurisdiction. Indeed, it is *that* grant of subject-matter jurisdiction – not some other grant of jurisdiction – that is "subject to" the Jurisdictional Thresholds. *Harnden*, 496 F.3d at 581; *Golden*, 410 F.3d at 881. *See also Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 251 (E.D. Pa. 1988) (explaining that the MMWA "does not … manifest an intention to limit" a district court's authority to hear an MMWA claim that falls below the Act's Jurisdictional Thresholds if the court has some basis for its subject-matter jurisdiction other than the grant of jurisdiction in 15 U.S.C. § 2310(d)(1)(B).).

1107, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7702, 7724)). *See also Alberti v. Gen. Motors Corp.*, 600 F. Supp. 1026, 1027 (D.D.C. 1985) ("The purpose of such strict jurisdictional limitations, it appears, was to prevent flooding the federal courts with trivial consumer complaints overblown into federal class actions."). A class action that satisfies CAFA is neither trivial nor insignificant. Indeed, jurisdiction over CAFA exists only where, among other things, the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Thus, "CAFA's own limitations … ensure that trivial and minor actions still cannot be brought as class actions in federal courts." *Weisblum v. Prophase Labs, Inc.*, 88 F.Supp.3d 283, 294 (S.D.N.Y. 2015) (holding that a federal district court may hear an MMWA class action that falls below the MMWA's Class Action Jurisdictional Threshold so long as CAFA provides an independent basis for the court's subject-matter jurisdiction). In sum, the Sixth Circuit's holding in *Kuns* that a class of less than 100 named plaintiffs may pursue an MMWA claim in federal court so long as the class claim satisfies CAFA is harmonious with the purpose of the MMWA's Class Action Jurisdictional Threshold. That *Kuns* is consistent with the purposes of the MMWA further persuades this Court to follow that decision.

For all of these reasons, based upon *Kuns*, the Court concludes that it does have jurisdiction to hear Plaintiffs' MMWA class claims.

**B**

The Ninth Circuit reached the contrary result in *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020), and GM insists that *Floyd* forecloses Plaintiffs' class claim here. (*See* Mot., ECF No. 93, PageID.4508.) For two reasons, the Court declines to follow *Floyd* over *Kuns*. First, *Kuns* "is a Sixth Circuit decision, and though unpublished it is authority the Court would be inclined to follow over an out-of-circuit case." *Chapman*, ___ F.3d ___, 2021 WL 1286612, at *24 (following *Kuns* over *Floyd*).

Second (and more importantly), the plaintiffs in *Floyd* presented only a narrow argument to the Ninth Circuit. There is no indication that they argued that the MMWA's Class Action Jurisdictional Threshold applied only to the subject-matter jurisdiction conferred by section 310(d)(1)(b) of the MMWA. Nor does it appear that they cited or relied upon the line of cases cited above in which numerous courts have recognized a federal court may exercise jurisdiction over an MMWA claim that falls below the Act's Jurisdictional Thresholds where a federal statute other than section 310(d)(1)(B) provides an independent basis for the Court's subject-matter jurisdiction. Instead, it appears they conceded that the MMWA's Class Action Jurisdictional Threshold categorically stripped federal courts of subject-matter jurisdiction to hear any MMWA class claim involving less than 100 named plaintiffs. And they argued that CAFA "impliedly repealed" the Class Action

Jurisdictional Threshold. *Id.* The Ninth Circuit rejected that argument. *See id.* Given the Ninth Circuit's focus on the plaintiffs' implied-repeal argument, this Court does not read the decision in *Floyd* as broadly as GM. For this additional reason, the Court concludes that *Floyd* does not bar Plaintiffs' MMWA class claim.

IV

Finally, GM argues that the Court should strike all of Plaintiffs' nationwide class allegations. (*See* Mot., ECF No. 93, PageID.4508-4510.) GM says that because "Plaintiffs' 'nationwide' class claims for breach of warranty under the MMWA, beach of express and implied warranty, and fraudulent concealment would be governed by the different laws of fifty states, [] the variation in state laws would defeat the commonality, predominance, and superiority requirements of Rule 23" of the Federal Rules of Civil Procedure that governs class actions. (*Id.*, PageID.4508.)

The potential variations in state laws is a serious issue, and one that could defeat class certification. Indeed, the Sixth Circuit has affirmed a decision striking class allegations based in part on differences in state laws. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011). But the Court concludes that striking Plaintiffs' class allegations is not the appropriate remedy at this stage of the proceedings.

When deciding whether "the requirements of Rule 23 have been met," the Court must undertake a "rigorous analysis." *In re Whirlpool Corp. Front-Loading*

15

*Washer Prod. Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013). *Pilgrim* provides a helpful example of what such a "rigorous analysis" looks like in the context of a motion to strike class allegations based on alleged differences in state laws. In *Pilgrim*, the plaintiffs sought "to represent a nationwide class of consumers" who were allegedly the victims of "deceptive advertising." *Pilgrim*, 660 F.3d at 944. The defendant then moved to strike the class allegations. The district court first carefully conducted a choice-of-law analysis and determined that "Ohio law on choice-of-law rules govern[ed] th[e] dispute." *Pilgrim v. Universal Health Card, LLC*, 2010 WL 1254849, at *3 (N.D. Ohio Mar. 25, 2010). The court then held that Ohio's choice-of-law rules "required [it] to [apply] the state law of every state in which a consumer" was allegedly deceived to plaintiffs' nationwide claims. *Id.* at *5. Finally, the court explained that the class allegations were inappropriate because the different "consumer laws and the law on unjust enrichment" that it would have to apply "var[ied] significantly from state to state." *Id.* a *4. In reaching this conclusion, the court relied heavily on an "extensive analysis" of the various state laws provided by the defendant. *Id.* For instance, defendant's motion to strike included several pages of bullet points explaining how various state law differed with respect to critical issues such as reliance, scienter, standing, and notice. (*See* Mot. to Strike, *Pilgrim v. Universal Health Card, LLC*, N.D. Ohio. Case No. 09-00879, ECF No. 29-1, PageID.201-203.) And defendant attached to its motion a 67-page "survey" that

described how the requirements of the relevant law in each of the 50 states compared to one another. (*Id.*, ECF No. 29-5.)

GM has not conducted that same kind of rigorous analysis here. It has neither completed a choice-of-law analysis nor shown that under that analysis, "the consumer-protection laws of the potential class members' home States will govern their claims." *Pilgrim*, 660 F.3d at 946. And, more importantly, it has not provided the Court a detailed and careful showing of the precise differences between the various state laws that could apply to Plaintiffs' claims. Instead, GM has directed the Court to a handful of cases that have struck class allegations at the pleading stage based on differences in state laws. (*See* Mot., ECF No. 93, PageID.4509-4510.) But that is no substitute for a careful and thorough state-by-state analysis that shows the Court how the relevant state laws differ under the circumstances that exist here.

GM may ultimately be correct that class certification is not appropriate here because the Court must apply different state laws to the claims of the nationwide class and because those state laws have significant differences. But as another court in this Circuit has recently explained when denying a motion to strike class allegations at the pleading stage, without a careful and specific showing about how state laws differ, a court is not in position to resolve that question:

> It is true that the plaintiffs in this case may ultimately struggle to establish that shared issues predominate over class members' claims across different jurisdictions.... It is not enough, however, for the defendants to simply point

17

> out that multiple states' laws will govern the claims. There must actually be some kind of identifiable discontinuity between the states' respective laws that would frustrate the possibility of a shared resolution of the claims. Many states' [consumer protection] laws ... share significant similarities. The laws may not be identical, but the court cannot simply assume that they are too different to be applied side-by-side. That is especially true, given that this issue has been raised in the context of the rarely-appropriate tool of a motion to strike, rather than in response to a motion to certify, where the plaintiffs would bear the burden. Because the plaintiffs' prospects of class certification are not so dim as to render their allegations immaterial or impertinent within the meaning of Rule 12(f), the court will not grant the motion to strike the class allegations across the board.

*Fishon v. Mars Petcare US, Inc.*, 501 F.Supp.3d 555, 576 (M.D. Tenn. 2020) (quoting *Ciccio v. SmileDirectClub, LLC*, 2020 WL 2850146, at *16 (M.D. Tenn. June 2, 2020)).

The Court concludes that it would be more appropriate to review GM's arguments at the class certification stage of these proceedings, where the parties can provide the Court a more fulsome set of briefs on these issues. Delaying a decision until class certification should not cause either party significant prejudice. The majority of discovery in this action is already complete, and class certification briefing will begin in just a few months. Moreover, at that time, Plaintiffs may modify the classes they seek to certify, which could moot some or all of GM's current motion. Accordingly, the Court will decline to strike Plaintiffs' class

allegations at this time. GM is free to re-raise all of the arguments made in its current motion in its class certification briefing.

## V

For all of the reasons stated above, GM's motion to dismiss (ECF No. 93) is **DENIED**. GM shall file an Answer to the Complaint within 45 days.

**IT IS SO ORDERED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated: October 26, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2021, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (810) 341-9764