UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GENERAL MOTORS
AIR CONDITIONING MARKETING         Case Number: 18-md-02818
AND SALES PRACTICES
LITIGATION
_____/    Hon. Matthew F. Leitman

ALL CASES

_____/

### ORDER DENYING DEFENDANT'S
### MOTION TO SEAL (ECF No. 121) WITHOUT PREJUDICE

In this putative consolidated class action, Plaintiffs allege that the air conditioning systems of vehicles manufactured by Defendant General Motors ("GM") are defective. On March 1, 2022, Plaintiffs moved for class certification. (*See* Mot. for Class Cert., ECF No. 122.) In support of that motion, Plaintiffs have attached as exhibits several documents produced during discovery. GM has now moved the Court to seal certain of those exhibits and/or portions of those exhibits that GM says contain "highly confidential trade secret and non-public business information." (Mot. to Seal, ECF No. 121.)

For the reasons explained below, GM's motion is **DENIED WITHOUT PREJUDICE**.

1

# I

As the United States Court of Appeals for the Sixth Circuit has emphasized, there is a long-standing "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Thus, when a party moves to seal court records, "[t]he burden of overcoming that presumption is a heavy one." *Id.* And it is a burden "borne by the party that seeks to seal [the records]." *Id.* "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). As one Judge on this Court has explained in a passage worth quoting at length:

> Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1180). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid*. (quoting *Brown & Williamson*, 710 F.2d at 1181).
>
> "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records,"

and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid*. (quoting *Knoxville News*, 723 F.2d at 476).

The status of the information sought to be shielded from public view as a trade secret is relevant. But trade secret status is neither a necessary nor a sufficient condition for sealing. *Kondash*, 767 F. App'x at 638, 2019 WL 1418168, at *3 ("While the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason exists; further, even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret.")

Even "[w]here a party can show a compelling reason for sealing, the party must [still] show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason." *Id*. at 637, at *2. "To do so, the party must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Ibid*. (quoting *Shane Group*, 825 F.3d at 305-06). "The presumption in favor of public access is strong when public safety is implicated"; thus, while it is "well-established that confidentiality provisions, protective orders, and the sealing of cases are appropriate litigation tools in some circumstances[,] the interests of public health and safety will often outweigh any confidentiality interests that might be implicated." *Ibid*. (quotations omitted). "This is particularly true in class actions, where, because of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness

3

'should be applied ... with particular strictness.'" *Ibid*. (quoting *Shane Group*, 825 F.3d at 305).

*In re FCA US LLC Monostable Electronic Gearshift Litigation*, 377 F.Supp.3d 779, 784 (E.D. Mich. 2019).

## II

For several reasons, GM has not met its burden to show why the Court should seal the requested documents. First, GM has failed to show that the documents at issue qualify for sealing. GM's assertion that the documents are highly confidential and/or proprietary is not enough. These types of documents generally may be sealed only if they constitute or include "trade secrets." *Shane Grp.*, 825 F.3d at 308. Thus, in assessing a request to seal purportedly-confidential business documents, a court must "first determine[e] whether a trade secret exist[s]." *Kondash*, 767 F. App'x at 638. In order to make that determination, a court must evaluate whether the information qualifies as a trade secret under state law. *See id.* at 638-40 (determining whether information qualified as a trade secret under Ohio law). GM has not presented the Court with sufficient information and evidence about each document to enable the court to determine under Michigan law whether the document is or contains trade secrets.

Second, GM has failed to provide a sufficiently-individualized analysis of each document it seeks to seal. To warrant sealing, GM must show "in detail" on a "document by document" basis the "compelling reason[s] for sealing." *Shane Grp.*,

825 F.3d at 305-06.  And GM must then explain "why those reasons outweigh the public interest in access to those records."  *Kondash*, 767 F. App'x at 637.  GM has not done so.  While GM has provided the Court a chart that lists each document that it seeks to seal and provides an accompanying "description of confidential materials" in each document, the descriptions are quite general. (*See* Chart, ECF No. 121-2.) For example, for one document GM seeks to seal, GM's entire description reads: "Spreadsheet reflecting GM internal product investigation process." (*See id.*, PageID.5806.)  GM's chart simply is not the kind of "detail[ed]" analysis required by *Shane Group* and its progeny. *See In re FCA US LLC Monostable Electronic Gearshift Litigation*, 377 F.Supp.3d at 784 (denying motion to seal where, among other things, party "made no effort to analyze or explain with particularly, page by page, or line by line, how the various items of information … qualify as matters that are protected by any extant statutory or decisional authority that would permit sealing").

      Finally, GM's motion does not account for the apparently heavier burden GM must satisfy here because (1) the Court has previously concluded that Plaintiffs have plausibly alleged the existence of a safety defect (*see* Op. and Order, ECF No. 2782, PageID.2802, 2815) and (2) the action is a putative class action.  As the Sixth Circuit has explained, "[t]he presumption in favor of public access is strong when public safety is implicated," and that is "particularly true in class actions, where, because

of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness 'should be applied [...] with particular strictness.'" *Kondash*, 767 F. App'x at 637 (quoting *Shane Grp.*, 825 F.3d at 305). *See also In re FCA US LLC Monostable Electronic Gearshift Litigation*, 377 F.Supp.3d at 787 (concluding that "even if some of the information [that defendant wanted to seal] could be regarded as some form of trade secrets, the interest in full disclosure of the study results is particularly compelling in this case, which is a prospective class action concerning allegedly dangerous transmission defects affecting more than 800,000 vehicles made by the defendant"). Thus, these factors would appear to weigh against sealing, and GM has not sufficiently addressed these factors.[1]

For all of these reasons, the Court **DENIES** GM's motion to seal. But it will deny the motion **WITHOUT PREJUDICE**. If GM wishes to re-file its motion to seal, it shall conduct the type of detailed, "document by document" analysis described above and shall address the safety and class action factors identified

---

[1] In its reply brief, GM argues that the interest of the class in the public disclosure of the information that it seeks to seal here is "minimal" because, among other things, "no class has been certified." (GM Reply Br., ECF No. 127, PageID.10430.) But at least one court in this District has indicated that the interests of a putative – but not yet certified – class may be relevant when considering a motion to seal. *See In re FCA US LLC Monostable Electronic Gearshift Litigation*, 377 F.Supp.3d at 784-85 (quoting *Shane Group* and explaining in order denying pre-certification motion to seal that "[t]he presumption in favor of public access" is "particularly true in class actions").

6

above. In this analysis, GM shall explain for each document it proposes to file entirely under seal and/or for each redaction, among other things, (1) whether the document/redaction is of a trade secret, and, if so, how the document/redaction qualifies as a trade secret under Michigan law, (2) the compelling reason(s) that justify sealing/redacting and how those interests outweigh the interests against sealing/redacting, including the public's interest in access to judicial records and the heightened interests that exist in cases involving safety issues and class actions, and (3) how the proposed sealing/redaction is narrowly tailored to serve the identified compelling interests.

Finally, the Court directs GM to attach to its motion the documents that it wishes to seal/redact in manner that is most accessible to the Court. More specifically, GM shall:

- Attach each document that it wishes to seal entirely as a separate exhibit to its motion to seal. For these documents, GM shall clearly identify that it seeks to seal the entire document;
- Attach each document that it proposes to redact as a separate exhibit to its motion to seal. GM shall highlight in yellow the portions of each document that it seeks permission to redact. The yellow highlighting will enable the Court to easily see what GM proposes to redact.

If GM wishes to file such a renewed motion to seal, it shall do so by **June 20, 2022**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126