UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: GENERAL MOTORS
AIR CONDITIONING MARKETING          Case Number: 18-md-02818
AND SALES PRACTICES
LITIGATION
_____/    Hon. Matthew F. Leitman

ALL CASES
_____/

### ORDER (1) GRANTING DEFENDANT'S MOTIONS TO SEAL (ECF No. 146, 154, 156) AND (2) TERMINATING AS MOOT PLAINTIFFS' MOTION TO SEAL (ECF Nos. 139, 140)

In this putative consolidated class action, Plaintiffs allege that the air conditioning systems of vehicles manufactured by Defendant General Motors ("GM") are defective. Currently pending before the Court are two motions that GM has filed to seal portions of certain exhibits previously submitted to the Court. (*See* Motions, ECF Nos. 146, 154, and 156.[1]) For the reasons explained below, GM's motions to seal are **GRANTED**.

---

[1] While in the caption of this order and in text above, the Court cites to three separate docket entries, GM has only two motions before the Court. In its first motion, GM asks the Court to seal "limited excerpts of two exhibits that [Plaintiffs filed] with their oppositions to GM's motions to exclude [P]laintiffs' putative experts." (Mot. to Seal, ECF No. 146, PageID.14380.) In the second motion, GM seeks to seal "certain information contained in [P]laintiffs' motion for class certification, brief in opposition to GM's motion to strike, and exhibits thereto." (Mot. to Seal, ECF No. 154, PageID.15337.) GM filed two versions of its second motion to seal. A sealed, unredacted version of the motion is available at docket number 154. A public, redacted version of the motion is available at docket number 156.

1

**I**

In order to put GM's current motions in their proper context, the Court begins with the background legal rules that it must apply in this case. As the Court has previously explained, there is a long-standing "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Thus, when a party moves to seal court records, it bears a "heavy" burden to "overcom[e] that presumption." *Id.* That burden is especially heavy where, as here, (1) Plaintiffs have plausibly alleged the existence of a safety defect (*see* Op. and Order, ECF No. 60, PageID.2802, 2815) and (2) the action is a putative class action. *See Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (explaining that "[t]he presumption in favor of public access is strong when public safety is implicated," and that is "particularly true in class actions, where, because of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness 'should be applied [...] with particular strictness'") (quoting *Shane Grp.*, 825 F.3d at 305).

To meet this burden, the party moving to seal "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. "While the existence of a trade secret will

generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason exists; further, even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret." *Id.* at 638.  Finally, in order to show that a party's compelling reason for sealing outweighs the public's interest in access, and that the proposal for sealing is narrowly tailored, a party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06.

## II

With the understanding of the legal rules described above, the Court now turns to the procedural history of GM's requests to seal.

### A

On March 1, 2022, Plaintiffs moved for class certification. (*See* Mot. for Class Cert., ECF No. 122.)  In support of that motion, Plaintiffs attached as exhibits several documents produced during discovery.  On March 1, 2022, GM moved the Court to seal certain of those exhibits and/or portions of those exhibits that GM said contained "highly confidential trade secret and non-public business information." (Mot. to Seal, ECF No. 121, PageID.5793.)

The Court denied that motion without prejudice on April 18, 2022. (*See* Order, ECF No. 129.) The Court concluded that "GM ha[d] not met its burden to show why the Court should seal the requested documents." (*Id.*, PageID.10462.) The Court explained, among other things, that "GM [had] failed to provide a sufficiently-individualized analysis of each document it seeks to seal." (*Id.*, PageID.10463.) At the conclusion of the denial order, the Court told GM that if it wished to file a renewed motion to seal, it needed to "explain for each document it propose[d] to file entirely under seal and/or for each redaction, among other things, (1) whether the document/redaction is of a trade secret, and, if so, how the document/redaction qualifies as a trade secret under Michigan law, (2) the compelling reason(s) that justify sealing/redacting and how those interests outweigh the interests against sealing/redacting, including the public's interest in access to judicial records and the heightened interests that exist in cases involving safety issues and class actions, and (3) how the proposed sealing/redaction is narrowly tailored to serve the identified compelling interests." (*Id.*, PageID.10464-10465.)

B

GM has now filed two new motions to seal. As described above, GM asks the Court to seal (1) "limited excerpts of two exhibits that [Plaintiffs filed] with their oppositions to GM's motions to exclude [P]laintiffs' putative experts" (Mot. to Seal, ECF No. 146, PageID.14380) and (2) "certain information contained in [P]laintiffs'

4

motion for class certification, brief in opposition to GM's motion to strike, and exhibits thereto." (Mot. to Seal, ECF No. 154, PageID.15337.)

GM says that after the Court denied its initial motion to seal, it "carefully reviewed the materials that were the subject of its [prior] motion, and [it] determined that certain of those materials should not be sealed, and that others should be sealed in narrower ways than initially proposed." (*Id.*, PageID.15346-15347.) Thus, GM now "seeks to file under seal only narrowly tailored redactions of specific confidential, competitively-sensitive and trade-secret information only in a select set of remaining documents." (*Id.*, PageID.15347.)

In fact, the vast majority of GM's requests seek to seal only isolated line items and/or specific dollar amounts or warranty projections, as opposed to entire documents or large portions of text. For example, Exhibit 2 to GM's motion to seal is a 40-page presentation of which GM seeks only 9 relatively limited and isolated redactions. (*See* ECF No. 155-2.) The first proposed redaction in that document is one line on a slide full of text that lists a single "projected frequency." (*Id.*, PageID.15396.) The second proposed redaction is again a single "isolated cost" amount on an otherwise full (and unredacted) slide. (*Id.*, PageID.15397.) A third proposed redaction is of two percentage amounts on a slide that includes twelve lines of unsealed text. (*See id.*, PageID.15414.) Exhibit 5 has similar limited redactions. That exhibit is a 41-page presentation of which GM asks the Court to make only six

5

redactions, two of which are single lines of text. (*See* ECF No. 155-26, PageID.15564-15565.)  Finally, Exhibit 13 is a 38-page presentation with redactions on only four pages, most of which are of single amounts or percentages. (*See* ECF No. 155-14, PageID.15726, 15740.)

Plaintiffs oppose GM's motions to seal. (*See* Pla.s' Resp., ECF No. 163.)  The Court concludes that it may resolve GM's motions without a hearing. *See* E.D. Mich. Local Rule 7.1(f)(2).

### III

### A

In GM's motion to seal, it says that all of its proposed redactions fall into one of five categories:

- Cost Information;

- Product Development and Testing;

- Future Product Development Data, Performance Projections, and Internal Product Development and Investigation Processes;

- Vendor or Supplier Pricing, Knowledge, and Related Capabilities; and

- Personally Identifying, Third-Party Customer Information.

(*Id.*, PageID.15351.)  In charts attached to its motions, GM identifies which category applies to each proposed redaction in each document. (*See* ECF Nos. 146-2, 154-1.)

6

GM has also provided the Court copies of each exhibit with its proposed redactions highlighted for the Court. (*See* ECF No. 155.)

The Court has carefully considered the proposed redactions, and for the reasons explained below, it concludes that GM has sufficiently shown that it has a compelling interest in keeping secret the information covered by its proposed redactions, that that interest outweighs the public interest in accessing the redacted information, and that the proposed redactions are narrowly tailored. In addition, GM has provided legal authority supporting its requested redactions.

B

The Court begins with GM's first category – "Cost Information." This category of redactions includes "actual and projected internal cost analyses, including cost-related negotiations with suppliers." (Mot. to Seal, ECF No. 154, PageID.15351.) GM has sufficiently shown that it has a compelling interest in keeping this information confidential. The information included in this category "reflects internal, confidential GM processes" that would have value to GM's competitors. (GM Reply Br., ECF No. 164, PageID.16746. *See also* Mot. to Seal, ECF No. 154, PageID.15351.) For example, it includes "highly proprietary and competitive sensitive information revealing GM's projection of internal costs for a contemplated special warranty program." (GM Reply Br., ECF No. 164, PageID.16743.) As this Court, and other courts in this circuit, have held, parties

7

have a compelling interest in sealing documents that "might harm a litigant's competitive standing" and/or "reveal[] internal strategy to [a party's competitors]." *McClure v. Leafe*, 2019 WL 13201174, at *1 (E.D. Mich. Aug. 20, 2019) (granting motion to seal). *See also Counts v. Gen. Motors, LLC*, 2021 WL 4241014, at *2 (E.D. Mich. Mar. 15, 2021) (granting motions to seal documents that "if disclosed, could compromise [the party's] interest in remaining competitive in the field and could also inflict financial harm"); *Proctor & Gamble Co. v. Ranir, LLC*, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (granting motion to seal and holding that party had compelling interest in redacting "sales trends and analysis," "pricing strategy," "marketing strategy," "sales and marketing data," and "strategic business plans.").

Moreover, as described above, and as described more fully in GM's briefs, GM's proposed redactions are narrowly tailored and seek to seal only limited portions of the documents at issue.

Finally, while the public unquestionability has an interest in the disclosure of safety-related documents in a class action like this, it has a lesser interest in GM's internal financial information like that covered by the proposed redactions. Indeed, GM's "detailed internal data and business information is not necessary for the public to understand any alleged wrongdoing in this case." *McClure*, 2019 WL 13201174,

at *2. For all of these reasons, the Court will allow GM to redact the information included in the "Cost Information" category.

## C

GM's second category of redactions include "specific" and "confidential" information "related to product development and testing." (Mot. to Seal, ECF No. 154, PageID.15351-15352.) The Court concludes that GM has a compelling interest in sealing this information. As GM explains, "[t]he automotive industry is highly competitive, and being first to market with a new concept, process, or feature can confer a distinct competitive advantage on an automotive manufacturer, translatable into sales and profits. Research, internal analysis, and testing protocols to establish design specifications, evaluate vehicle performance, and determine or assess verification methods may take several years to develop, and therefore, this information is valuable to GM's competitors." (*Id.*, PageID.15352.) Thus, GM has a compelling interest in the confidentiality of its development and testing information in this second category of documents.

The Court is also persuaded that the proposed redactions are narrowly tailored and do not redact more than is necessary to preserve GM's compelling interest.

Finally, "because the redactions are narrowly tailored, the public can still view the conduct which gave rise to this dispute." *Proctor & Gamble*, 2017 WL 3537195,

9

at *3.  Thus, GM's compelling interest in sealing outweighs the public's interest in full disclosure.

For all of these reasons, the Court will allow GM to redact the information included in the "Product Development and Testing" category.

**D**

GM's third category of redactions is titled "Future Product Development Data, Performance Projections, and Internal Product Development and Investigation Processes."  These redactions include "information that would reveal GM's internal warranty targets and projections, as well as GM's internal processes for identifying those figures.  This information, which GM treats as proprietary and confidential, provides measurable targets for GM in designing, developing, and testing GM vehicles." (Mot. to Seal, ECF No. 154, PageID.15352.)  GM has shown a compelling need to seal this information.  Disclosure of the redacted material would reveal "confidential information derived from GM's proprietary formulas and processes that could provide an unfair advantage to GM's competitors were it to be publicly released." (GM Reply Br., EC No. 164, PageID.16742.)  As explained above, courts have repeatedly found a compelling interest in sealing this kind of internal, confidential information that would have value to a party's competitor. *See*, *e.g.*, *McClure*, 2019 WL 13201174, at ** 1-2; *Proctor & Gamble*, 2017 WL 3537195, at *3; *Lohr v. Nissan N. Am. Inc.*, 2021 WL 1627090, at *2 (W.D. Wash. Apr. 27,

2021) (order sealing, among other things, "warranty details and analyses" because the public release of such analyses could allow a competitor to understand defendant's "warranty strategies, and understand and/or incorporate for itself [defendant's] proprietary engineering analyses and processes").

The Court further concludes that GM's proposed redactions in this category are no broader than necessary and are therefore narrowly tailored.

Finally, because most of the redactions in this category relate to *future* projections not at issue in this suit, the public's interest does not outweigh GM's compelling interest in sealing these documents.

For all of these reasons, the Court will allow GM to redact the information included in the "Future Product Development Data, Performance Projections, and Internal Product Development and Investigation Processes" category.

E

The Court next turns to GM's fourth category of sealed redactions – "Vendor or Supplier Pricing, Knowledge, and Related Capabilities." These redactions include "certain sensitive supplier information, including supplier contracting terms, which are intended to be kept confidential." (Mot. to Seal, ECF No. 154, PageID.15353.) GM has shown a compelling need to seal this information. Not only do the redactions include information that, if released, could "competitively harm GM" (*id.*), third-party vendors and suppliers could be harmed if the information were

11

released publicly. These redactions are also narrowly tailored. Indeed, of the thousands of documents produced in this case, GM has identified only two that fall under this category, and those documents include the suppliers' private contact information and private communications. (*See*, *e.g.*, ECF No. 155-17, 155-22.) Finally, the public's interest does not outweigh GM's and the third-party's interests in sealing here because the redactions will not prevent the public from understanding the evidence in this case or from evaluating the parties' respective positions. For all of these reasons, the Court will allow GM to redact the information included in the "Vendor or Supplier Pricing, Knowledge, and Related Capabilities" category.

F

Lastly, the Court turns to the final category of redactions, "Personally Identifying, Third-Party Customer Information." These redactions include the addresses, last names, email addresses, and phone numbers of GM's customers. (*See* Mot. to Seal, ECF No. 154, PageID.15353.) Plaintiffs do not oppose this set of redactions, and the Court agrees that this information should remain sealed. There is a compelling interest in sealing personally identifying information of non-parties. *See*, *e.g.*, *Shane Grp.*, 825 F.3d at 308 (explaining that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"); *In re Flint Water Cases*, 2021 WL 1877018, at *2 (E.D. Mich. Apr. 21, 2021) (order granting motion to seal "sensitive personal information" such as "personal

addresses" and "phone numbers"). Moreover, "[t]here is no compelling public interest in this information because this identifying information has no bearing on the nature of Plaintiffs' claims, whereas the privacy interests of the individuals impacted are great." *Id.* Finally, "the seal itself is no broader than necessary" because it is "narrowly tailored to cover only the sensitive" and personally-identifying information. *Id.* The Court will therefore allow GM to redact the information included in the "Personally Identifying, Third-Party Customer Information" category.

## IV

For all of the reasons explained above, **IT IS HEREBY ORDERED** that GM's motions to seal (ECF Nos. 146, 154, and 156) are **GRANTED**.[2]

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  January 19, 2023         UNITED STATES DISTRICT JUDGE

---

[2] There is also an additional motion to seal pending before the Court. On May 24, 2022, Plaintiffs filed a motion to seal an exhibit they filed in connection with their motion for class certification. Plaintiffs filed both a redacted version (*see* ECF No. 139) and unredacted version (*see* ECF No. 140) of their motion.  The document at issue was "part of an internal technical assessment and report" produced by one of GM's suppliers, non-party MAHLE Industries, Inc. (Mot. to Seal, ECF No. 140, PageID.13819.)  In their motion, Plaintiffs explained that even though they did "not agree to the permanent sealing of this document," they wanted to give MAHLE an opportunity to argue why the document should be sealed. (*Id.*)  On June 6, 2022, MAHLE filed a response in which it "agree[d]" with Plaintiffs that the document did not need to be filed under seal. (MAHLE Resp., ECF No. 153, PageID.15330-15331.)  Accordingly, Plaintiffs' motion to seal is **TERMINATED AS MOOT**. Plaintiffs shall file an unredacted copy of the MAHLE document on the public docket in this action.

13

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
